IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MERANO, LLC                                                                                    PLAINTIFF

v.                                           Case No. 6:22-cv-06040

OSCAR J. GLOOR JR. TRUST                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Objection to Notice of Removal (ECF No. 7) and brief in support (ECF No. 8). Defendant filed a response. (ECF No. 9). This matter is ready for consideration.

On April 12, 2022, Defendant filed a notice of removal in this Court removing this case from the Circuit Court of Garland County. (ECF No. 2). Plaintiff argues that the Court does not has have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is an Arkansas limited liability company. (ECF No. 4 ¶ 1). Defendant is a trust created for the benefit of others and was created under Arkansas law. (*Id.* ¶ 2). The Trustee is Storm Gloor (the "Trustee"). *Id.* The Trustee is a citizen of Colorado. (ECF No. 2 ¶ 6.B). This case involves property located in Garland County, Arkansas (the "Property"). (ECF No. 4 ¶ 3). Plaintiff alleges that the parties entered a contract that required Plaintiff to pay Defendant $970,000 for the purchase of the Property. (*Id.* ¶ 6). Plaintiff seeks specific performance of the parties' contract and seeks an award of attorney fees, costs and expenses. (*Id.* ¶ 11). Plaintiff's complaint does not seek a specific award amount. However, Defendant alleges that the amount in controversy is $970,000. (ECF No. 2 ¶ 7).

Under 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Plaintiff is a citizen of the state of Arkansas. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

The determination of Defendant's citizenship is not as simple.  It appears that the parties agree that Defendant is a traditional trust, as opposed to a business trust.  The Eighth Circuit has not directly decided this issue.  However, multiple Circuit Courts have interpreted the United States Supreme Court's decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016) as holding that the citizenship of a traditional trust is determined by the citizenship of the trustee.  *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 39 (3d Cir. 2018) ("We therefore conclude that the citizenship of a traditional trust is based solely on that of its trustee."); *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017) ("We conclude that legal proceedings involving such traditional trusts are effectively brought by or against their trustees and, thus, it is the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity."); *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016) ("[T]he citizenship of a traditional trust depends only on the trustees' citizenship[.]"), *cert. denied*, 137 S. Ct. 2266 (2017); *see also Momenian v. Davidson*, 878 F.3d 381, 389 (D.C. Cir. 2017) (quoting same language from *Wang ex rel. Wong v. New Mighty U.S. Tr.*).  These decisions are highly persuasive.  Therefore, the Court finds that since the Trustee is a citizen of Colorado, the Defendant is a citizen of Colorado.  There is complete diversity between the parties.  Plaintiff's allegation that the Trustee is not a citizen of Colorado is without merit.

Finally, Plaintiff alleges that the amount in controversy requirement has not been met.  When a plaintiff seeks specific performance, "the amount in controversy is measured by the value of the [property]."  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).  This District has recognized that when the plaintiff did not allege the value of the property, the Court may look to the purchase price agreed to by the parties in the contract to determine the amount in controversy.  *Carrick Trucking, Inc. v. Lamberth*, No. 2:10–CV–02171, 2011 WL 1085616, at *2 (W.D. Ark. Mar. 23, 2011).

Plaintiff's complaint alleges that the original purchase price of the Property was $970,000.  Plaintiff alleges that the parties agreed to modify the purchase price because the original purchase price was based on the Property covering three acres, but it actually only covered 2.57 acres.  (ECF No. 4 ¶ 10).  Assuming

that the purchase price is lowered to account for this, the amount in controversy would still likely cover the jurisdictional amount.  Therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

Accordingly, Plaintiff's Objection to Notice of Removal (ECF No. 7) should be and hereby is **DENIED**.

**IT IS SO ORDERED** this 23rd day of May 2022.


*/s/Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**